UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALERIE WORTHEN<br>876 North Waterford Lane<br>Wilmington, DE 19808<br><br>      Plaintiff,<br><br>  v.<br><br>DUANE MORRIS LLP<br>30 South 17th Street<br>Philadelphia, PA 19103<br><br>      Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

CIVIL ACTION COMPLAINT

Plaintiff Valerie Worthen (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Duane Morris LLP (hereinafter "Defendant").

INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). In essence, Defendant failed to designate Plaintiff's FMLA-qualifying absences as same, and then issued discipline to Plaintiff for such absences. Thereafter, Defendant fired Plaintiff because of her FMLA-protected absences, and/or because of her disability and/or perceived disability.  As a result of Defendant's unlawful actions, Plaintiff suffered damages as set forth herein.

JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FMLA, and the ADA.

3.      This Court has jurisdiction over Plaintiff's state law claim because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

4.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5.      Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6.      Plaintiff has exhausted all administrative remedies as required as a prerequisite to the filing of her instant ADA and PHRA claims.

## PARTIES

7.      The foregoing paragraphs are incorporated herein as if set forth in full.

8.      Plaintiff is an adult individual, with an address as set forth in the caption.

9.      Defendant is a corporation that does business in Pennsylvania at the address set forth above.

10.     At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein as if set forth in full.

12.     Defendant hired Plaintiff as a legal assistant on or around December 27, 2010.

2

13.     At all times relevant herein, Plaintiff's direct Supervisor was Attorney Margery N. Reed (hereinafter "Supervisor Reed").

14.     At all times relevant herein, Defendant's Director of Human Resources was Mary Farrell Robinson (hereinafter "HR Director Robinson").

15.     At all times relevant herein, Defendant's Human Resources Manager was Andrea Bernotavicius (hereinafter "HR Manager Bernotavicius").

16.     At all times relevant herein, Plaintiff's reported to Supervisor Reed, Attorney James J. Holman and Attorney Mairi V. Luce (hereinafter collectively "Supervising Attorneys").

17.     At all times relevant herein, Defendant's Benefits Manager was Sheila McComack (hereinafter "Benefits Manager McComack").

18.     In or around January 2011, Plaintiff was diagnosed with precancerous breast disease (hereinafter Plaintiff's "Medical Condition").

19.     As a result of her Medical Condition, Plaintiff required periodic medical leaves due to treatment for same.

20.     In or around spring 2011, Plaintiff began treatment for her Medical Condition.

21.     On or around February 9, 2012, Respondent conducted a performance evaluation of Plaintiff, which was Plaintiff's most recent performance evaluation with Defendant, to date.

22.     On said performance evaluation, Plaintiff was rated as "Meets Expectations," "Occasionally Exceeds Expectations," or "Outstanding" in all categories by her Supervising Attorneys.

23.     Moreover, Supervisor Reed rated Plaintiff as "Outstanding" in six of eight total categories on said performance evaluation.

3

24.     On or around September 4, 2012, Plaintiff informed Defendant via e-mail that her medical provider recommended she complete FMLA paperwork to accommodate the periodic medical leaves her Medical Condition, and the treatment of her Medical Condition, may require.

25.     On or around October 2, 2012, Plaintiff's medical provider signed the FMLA forms.

26.     On or around October 4, 2012, Plaintiff submitted the signed FMLA forms to Defendant.

27.     In or around late-November 2012, Plaintiff informed Benefits Manager McComack and HR Manager Bernotavicius that she would be losing health insurance previously provided through her spouse's employer, and that Plaintiff intended on applying for health insurance through Defendant.

28.     Thereafter, Plaintiff applied for health insurance through Defendant on or around December 1, 2012.

29.     Plaintiff arranged for the health insurance to go into effect on January 1, 2013, when completing her health insurance application with Defendant.

30.     On or around January 4-5, 2013, Plaintiff's Medical Condition necessitated periodic medical leave.

31.     On or around January 24, 2013, Plaintiff was called into a meeting by HR Director Robinson and HR Manager Bernotavicius.

32.     In said meeting, Plaintiff was informed that she was being fired because her "performance was not up to par."

33.     Plaintiff was not given any mention of specific deficiencies in her performance when told she was being fired.

34.      Furthermore, Plaintiff had not been given any prior indication that her performance had deteriorated since her positive performance evaluation on or around February 9, 2012.

35.      At the close of the January 24, 2013 meeting, Defendant presented Plaintiff with a termination agreement whereby Defendant offered to provide Plaintiff one month's severance and one month's health insurance coverage in exchange for her voluntary resignation.

36.      Plaintiff refused to sign the termination agreement.

37.      As a result, Defendant fired Plaintiff.

38.      The reasons Defendant stated for Plaintiff's termination were pretextual.

39.      In fact, Defendant fired Plaintiff because Plaintiff requested an accommodation for her Medical Condition in the form of periodic leaves of absence which were FMLA qualifying, and/or to prevent her from taking further FMLA leave and/or because of her Medical Condition.

40.      As a result of Defendant's unlawful action, Plaintiff has suffered damages.

**COUNT I**
**Violations of the Family and Medical Leave Act**
**(Interference)**

41.      The foregoing paragraphs are incorporated herein as if set forth in full.

42.      Plaintiff was an eligible employee under the definitional terms of the FMLA.

43.      As of January 24, 2013, Plaintiff was employed by Defendant for at least twelve (12) months.

44.      Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) month period preceding January 24, 2013.

45.     Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2012.

46.     Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to interfere with Plaintiff's rights under the FMLA.

47.     Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to retaliate against Plaintiff for exercising her rights under the FMLA.

48.     Defendant interfered with Plaintiff's FMLA rights by disciplining her for having taken leave that Defendant should designated and treated as FMLA protected leave.

49.     Defendant interfered with Plaintiff's FMLA rights by considering Plaintiff's FMLA-protected absences in firing her.

50.     Defendant interfered with Plaintiff's FMLA rights by firing her to prevent her from taking further FMLA leave.

51.     As a result of Defendant's actions as described above, Defendant violated the FMLA causing Plaintiff to suffer damages.

## COUNT II
### Violations of the Family and Medical Leave Act
**(Retaliation)**

52.     The foregoing paragraphs are incorporated herein as if set forth in full.

53.     Defendant retaliated against Plaintiff for exercising her FMLA rights by disciplining her for taking FMLA-protected absences.

54.     Defendant retaliated against Plaintiff for exercising her FMLA rights by firing her because of her FMLA-protected absences.

55.     As a result of Defendant's actions as described above, Defendant violated the FMLA causing Plaintiff to suffer damages.

## COUNT III
### Violations of the Americans with Disabilities Act ("ADA")
**(Disability Discrimination)**

56.     The foregoing paragraphs are incorporated herein as if set forth in full.

57.     At all times relevant hereto, Defendant was an "employer" within the meaning of the ADA.

58.     At all times relevant hereto, Plaintiff's Medical Condition rendered her an individual with a disability under the ADA.

59.     At all times relevant hereto, Plaintiff was perceived by Defendant to be suffering from a disability.

60.     Plaintiff was terminated by Defendant because she suffered from a disability and/or because Defendant perceived her to be suffering from a disability.

61.     As a result of Defendant's actions as described above, Defendant violated the ADA, causing Plaintiff to suffer damages.

## COUNT IV
### Violations of the Americans with Disabilities Act ("ADA")
**(Failure to Accommodate)**

62.     The foregoing paragraphs are incorporated herein as if set forth in full.

63.     Plaintiff requested a reasonable accommodation in that she sought periodic leaves of absence to treat her disability.

64.     Defendant could have granted Plaintiff this accommodation without undue hardship, but refused to do so.

65.     As a result of Defendant's actions as described above, Defendant violated the ADA, causing Plaintiff to suffer damages.

## COUNT V
## Violations of the ADA
### (Retaliation)

66.     The foregoing paragraphs are incorporated herein as if set forth in full.

67.     Plaintiff requested an accommodation in the form of periodic leaves of absence to treat her disability.

68.     Requesting and using an accommodation for a disability is clearly a protected activity under the ADA.

69.     Defendant fired her, in part, because she requested the aforementioned accommodation.

70.     As a result of Defendant's actions as described above, Defendant violated the ADA, causing Plaintiff to suffer damages.

## COUNT VI
## Violations of the Pennsylvania Human Relations Act ("PHRA")
### (Disability Discrimination)

1.     The foregoing paragraphs are incorporated here, as if set forth in full.

2.     At all times relevant herein, Defendant was an "employer" within the meaning of the PHRA.

3.     At all times relevant herein, Plaintiff's Medical Condition rendered her an individual with a disability under the PHRA.

4.     At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

5.     Plaintiff was terminated by Defendant because she suffered from a disability and/or because Defendant perceived her as suffering from a disability.

6.     As a result of Defendant's actions as described above, Defendant violated the PHRA, causing Plaintiff to suffer damages.

## COUNT VII
### Violations of the Pennsylvania Human Relations Act ("PHRA")
### (Failure to Accommodate)

7.     The foregoing paragraphs are incorporated herein as if set forth in full.

8.     Plaintiff requested a reasonable accommodation in that she sought for periodic leaves of absence to treat her disability.

9.     Defendant could have granted Plaintiff this accommodation without undue hardship, but refused to do so.

10.    As a result of Defendant's actions as described above, Defendant violated the PHRA, causing Plaintiff to suffer damages.

## COUNT VIII
### Violations of the Pennsylvania Human Relations Act ("PHRA")
### (Retaliation)

11.    The foregoing paragraphs are incorporated herein as if set forth in full.

12.    Plaintiff requested an accommodation in the form of periodic leaves of absence to treat her disability.

13.    Requesting and using an accommodation for a disability is clearly a protected activity under the PHRA.

14.    Defendant fired Plaintiff, in part, because she requested the aforementioned accommodation.

15.     As a result of Defendant's actions as described above, Defendant violated the PHRA, causing Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities, record of disabilities, perceived disabilities and/or record of perceived disabilities;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.     Plaintiff is to be awarded punitive damages (as permitted by applicable law) and liquidated damages (as permitted by applicable law) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate; and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Manali Arora*
Manali Arora, Esq.
Richard Swartz, Esq.
1101 Kings Hwy N, Ste. 402
Cherry Hill NJ 08034
Ph: (856) 685-7420
Fax: (856) 685-7417
*Attorneys for Plaintiff*

Dated: January 6, 2015